[Sac. No. 241.   Department One.—June 17, 1897.]

A. A. PRESCOTT, RESPONDENT, v. D. P. EDWARDS,
APPELLANT.

PLEADING—COMPLAINT—DEMURRER—SURPLUSAGE.—Where the complaint
states a cause of action, the overruling of a demurrer pointed at mere
matters of surplusage cannot constitute material error.

ACTION TO ENFORCE RIGHT OF WAY AS APPURTENANT TO LAND—FINDINGS—
IMMATERIAL QUESTION OF DEDICATION—OFFER—NONUSER—OBSTRUC-
TIONS—REVOCATION.—In an action to enforce a right of way as appurte-
nant to the land of plaintiff over and across the lands of the defendant, and
which was wrongfully obstructed by defendant, where the plaintiff re-
covered upon that ground, a further question as to an alleged dedica-
tion of the lands as a public highway is rendered immaterial by findings
that defendant offered to dedicate the lands to the public as streets, and
abandoned them, as such, to the public, but that the public never ac-
cepted the dedication, and had never used the lands, as highways; and,
in such case, the placing of the obstructions upon the lands of which
plaintiff complains constitutes a rightful revocation of the offer of dedi-
cation, and eliminates the question of dedication from the case.

ID.—NATURE OF DEDICATION — RELATION TO PUBLIC.—Dedication, in its
strict legal sense, is a matter purely between the owner and the public,
and there is no such thing as a dedication between the owner and indi-
viduals.

ID.—EFFECT OF SURVEYING AND SELLING LOTS WITH REFERENCE TO STREETS
—ESTOPPEL IN PAIS—PLAT NOT ESSENTIAL—RIGHTS OF PURCHASERS.
The platting of a tract of land, recording the plat, and selling lots by
reference to such plat, though sometimes called a dedication of the
streets marked therein in favor of the purchasers, is not such in legal
effect, where there is no perfected dedication thereof to public use, nor
does such platting and selling of lots upon the streets operate directly
as a grant of the streets to the purchasers; but their right therein is es-
tablished by estoppel in pais of the vendor, preventing the practice of
injustice by him; and the estoppel of the vendor is the same, though
there is no plat of the survey, where lots are sold with reference to
streets which are surveyed and marked upon the ground, and the pur-
chasers are informed by the vendor that strips of land thus marked ad-
joining the lots purchased by them are streets, nor can the purchasers
be deprived of the use of such adjoining streets by any subsequent act
of the vendor.

APPEAL from a judgment of the Superior Court of
Yolo County and from an order denying a new trial.
W. H. GRANT, Judge.

The facts are stated in the opinion of the court.

*Charles W. Thomas*, for Appellant.

There was no dedication of the land to public use,
for want of co-operation of the intention of the owner

to dedicate, and the acceptance and user by the pub lic. (*Eureka* v. *Croghan*, 81 Cal. 524; *Monterey* v. *Malarin*, 99 Cal. 290, 293; *Hayward* v. *Manzer*, 70 Cal. 476, 481; *Thomas* v. *England*, 71 Cal. 456.) A private right of way is an interest in land which can only be created or conveyed by an instrument in writing, or by presumption. (*Wagner* v. *Hanna*, 38 Cal. 111, 117; 90 Am. Dec. 354; *Carey* v. *Rae*, 58 Cal. 159; *Barbour* v. *Pierce*, 42 Cal. 657.) The survey and platting of the property is no evidence of dedication, and does not tend to establish any right in respondent. (*Cook* v. *Sudden*, 94 Cal. 443; *Forsyth* v. *Dunnagan*, 94 Cal. 438; *People* v. *Reed*, 81 Cal. 70; 15 Am. St. Rep. 22; *People* v. *Smith*, 93 Cal. 490; *People* v. *Holliday*, 93 Cal. 241; 27 Am. St. Rep. 186.) No equitable estoppel is pleaded, and none can be considered. (*Davis* v. *Davis*, 26 Cal. 23, 39; 85 Am. Dec. 157; *Etcheborne* v. *Auzerais*, 45 Cal. 121, 125.) The elements of estoppel *in pais* are not present, there being no element of deceit. (*Watson* v. *Sutro*, 86 Cal. 500, 526; *Davis* v. *Davis*, 26 Cal. 32; 85 Am. Dec. 157; *Morgan* v. *Lones*, 78 Cal. 58, 61; *Moore* v. *Boyd*, 74 Cal. 167, 173; *Boggs* v. *Merced Milling Co.*, 14 Cal. 279; *Brant* v. *Virginia Coal etc. Co.*, 93 U. S. 326.)

*Philip Bruton*, for Respondent.

The dedication was conclusively shown by visibly marking the streets upon the ground, throwing them open to use, and declaring the same to be such. (*Smith* v. *San Luis Obispo*, 95 Cal. 463.) The selling with reference to a plat or survey showing land divided into streets, alleys, blocks, and lots, makes a dedication thereof. (*Stone* v. *Brooks*, 35 Cal. 490; *Breed* v. *Cunningham*, 2 Cal. 368; *San Leandro* v. *Le Breton*, 72 Cal. 170; *Archer* v. *Salinas City*, 93 Cal. 43; Washburn on Easements, *145, *248–50; Elliott on Roads and Streets, 120, 121, 132; *Schneider* v. *Jacob*, 86 Ky. 101; *Meier* v. *Portland C. R. Co.*, 16 Or. 500; *Hicklin* v. *McClear*, 18 Or. 126; *Fossion* v. *Landry*, 123 Ind. 136.) Private rights acquired under a dedication are irrevocable.

(*San Leandro* v. *Le Breton, supra; Breed* v. *Cunningham, supra; Archer* v. *Salinas City, supra;* Elliott on Roads and Streets, 86, 89, 90; *Schmitt* v. *San Francisco,* 100 Cal. 302, 307; 2 Dillon on Municipal Corporations, secs. 628, 632, 640; 2 Herman on Estoppel, secs. 1145, 1147, 1148; Washburn on Easements, *146, par. 28.) When a party divides land into streets, lots, and blocks, and sells land according to such division, and abutting upon such streets, the streets become appurtenant to the land sold, and an interest in them, of a private nature, vests in the purchasers of such lands, of which they cannot be deprived. (*Kittle* v. *Pfeiffer,* 22 Cal. 485, 490; *Breed* v. *Cunningham, supra; Riedinger* v. *Marquette & W. R. Co.,* 62 Mich. 29; *Dobson* v. *Hohenadel,* 148 Pa. St. 387; *Thaxter* v. *Turner,* 17 R. I. 799; *Wolfe* v. *Sullivan,* 133 Ind. 331; *Schneider* v. *Jacob, supra.*) Respondent is entitled to the benefit of the estoppel shown against the appellant. (*Karns* v. *Olney,* 80 Cal. 90, 98, 99; 13 Am. St. Rep. 101; 2 Herman on Estoppel, secs. 774, 775, 782 794; *Schmitt* v. *San Francisco, supra;* 2 Pomeroy's Equity Jurisprudence, sec. 805; Elliott on Roads and Streets, 86, 92, 93, 95–98, 121; Washburn on Easements, *154, *155.) Plaintiff was not bound to anticipate what claim might be made by defendant. (*Jaffe* v. *Lilienthal,* 86 Cal. 91.)

GAROUTTE, J.—Upon the face of the complaint the cause of action and relief sought are not made perfectly clear. The trial court held the action to be one to enforce a right of way by plaintiff as appurtenant to his land over and across certain parcels of defendant's land; and respondent's counsel agrees with the trial court as to the nature of the cause of action. Treating the action as of the character denominated, we shall consider the merits of the litigation, judgment having gone for plaintiff and defendant appealing. Viewing the action from the standpoint of the trial court, there are matters alleged in the complaint which give it no strength and may be termed surplusage; but it cannot be said that

the court committed any material error in overruling defendant's demurrer pointed at these matters.

There are some allegations of the complaint declaring that the defendant dedicated these parcels of land to the public as highways; and as to the fact of dedication, the trial court found that defendant offered to dedicate them to the public as streets and abandoned them as such to the public, but that the public never accepted such offer of dedication. The court further found that such parcels of land had never been used by the public as highways. Conceding, for the purposes of the case only, that the evidence at the trial was sufficient to support a finding of fact to the effect that an offer of dedication to the public was made, still many years had intervened since that offer was made, and it had not been accepted by the public, either expressly, impliedly, or presumptively. Under such circumstances the owner beyond question had a right to revoke it, and that right he exercised by placing obstructions upon the land, of which acts complaint is now made. This revocation eliminates the whole question of dedication and offer of dedication and abandonment to the public from the case, and plaintiff's right must rest upon other principles. The finding of fact that defendant abandoned these lands to the public as streets is a purely evidentiary matter tending to show dedication, and adds no strength in support of the judgment. In saying that there is no question of dedication in the case, the term " dedication" is used in its strictly legal sense. In that sense dedication is a matter purely between the owner and the public. There is no such thing as a dedication between the owner and individuals. The public must be a party to every dedication. Some of the cases say that platting a tract of land, recording the plat, and selling lots by reference to such plat, constitutes a dedication of the streets in favor of the purchasers of these lots, even though a dedication to the public is not perfected and completed. The statement is not correct as a legal principle, as may be seen from what has already been said.

Has the plaintiff a right of way over and upon the lands described? The court found that both the plaintiff and his predecessors in title did purchase an interest in said strips of land, which interest was an easement of a right of way as appurtenant to the lands now owned by plaintiff. The facts, in support of this conclusion, may be briefly stated; and the facts we state are largely those drawn from the evidence of plaintiff's witnesses. Wherever contradictions appear in the evidence, that evidence which tends to support the judgment is adopted. Defendant, as the owner of a certain tract of open land near the town of Winters, went upon the ground with his surveyor, and by stakes marking boundary lines divided the tract into small parcels. Between these parcels he left two strips of land, respectively sixty by four hundred feet. No plat or map of these lands was made at the time, but defendant accompanied by parties contemplating purchasing went upon the ground and there viewed the conditions, as delineated by the stakes. In selling to plaintiff's predecessors the defendant sold by metes and bounds, at the time of the sale informing the purchasers that the strips marked upon the ground by stakes were streets. The tracts sold adjoined these strips. Thereafter the purchasers entered upon the lands bought, and improved the same by fences and otherwise. The trial court found as a fact that plaintiff's predecessors would not have purchased these tracts if the representations had not been made by defendant that these strips of land were streets.

In principle there can be no difference as to any question of streets in the legal status of a purchaser who buys a lot according to a plat made by the owner whereon streets are delineated, and a purchaser who buys as plaintiff's predecessors bought. This land was platted upon the ground. The plat was as perfect as if pictured upon paper, and probably more satisfactory. To be sure, the blocks were not numbered and the streets were not named, as would probably have been the fact if the plat had been transferred to paper.

But we do not see that either numbers or names are essential. Again: By the deeds the lands were described by metes and bounds, and no reference is found therein to any street, but at the time of sale the defendant pointed out these strips of land as streets, and the land sold bordered on such strips. The purchaser's condition was thus the same as if the land had been sold by a recorded or unrecorded plat. Under the circumstances we have depicted it would be a gross injustice for the owner to deprive a purchaser of the privilege of using such strips of land as streets, and an injustice which the law does not countenance. While the case in its facts is out of the ordinary, upon principle it is analogous, as we have shown, to all those cases where plats have been used in the making of sales; and we know of no case of that kind where relief has been refused when sought in courts of justice. While courts may not all have agreed upon the legal principle to be invoked in administering relief, yet the result has always been the same—relief has always been granted.

Dedication is but a phase of estoppel. In speaking of dedication of land to public use Herman, in his work on Estoppel, section 1141, says: "It does not operate as a grant, but is in the nature of an estoppel *in pais*, which debars the owner from recovering it back." And the decisions of this court, where it is declared that as to the purchaser of lots adjoining platted streets such streets are dedicated by the owner, mistake the true doctrine in form rather than in substance, for it is the doctrine of estoppel *in pais* that gives the vendee his remedy, and prevents the practice of injustice by the vendor. In *Grogan* v. *Hayward*, 6 Saw. 498, 4 Fed. Rep. 161, Justice Field, in speaking as to the respective rights of the public and a purchaser by a plat, said: "In the one case the acceptance completes the transfer of the property or easement in it from the owner to the public; in the other case the contract with the owner estops him from asserting any interest except in common with the purchasers from him." Again:

"The sale by the map, or with reference to the streets upon it, was a sale not merely for the price named in the land, but for the further consideration that the streets and public grounds designated on the map should forever be open to the purchaser and to any subsequent purchasers in the town. This was an essential part of the consideration. The purchaser took not merely the interest of the grantor in the land described in his deed, but as appurtenant to it an easement in the streets and in the public grounds named, with an ample covenant that subsequent purchasers should be entitled to the same rights." This principle is reiterated in *People* v. *Reed*, 81 Cal. 78; 15 Am. St. Rep. 22. In *Schmitt* v. *San Francisco*, 100 Cal. 303, this court said: "In other words, if the dedication has not been accepted or the property used by the public, it is purely a question of estoppel *in pais*. If no one has acted upon the offer in such a mode that they would be injured by the revocation, the owner may revoke the dedication, even though it be an actual dedication and not a mere offer." It is plain that the word "dedication," as here used, only implies the doing of all those acts by the owner which leaves nothing to be done to perfect a complete and perfect dedication save an acceptance of some kind upon the part of the public.

In the present case these strips were outlined upon the ground, and at the date of the purchase were declared by the owner to be streets. The right to use them as such formed part of the consideration moving to the vendee for the purchase, and such right of use became appurtenant to the land granted. The owner declared to the purchasers that the parcels were streets; the purchasers acted upon such declaration; and as to such purchasers those parcels are streets.

For the foregoing reasons the judgment and order are affirmed.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.