[L. A. No. 2413. Department One.—May 11, 1910.]

## HATTIE C. DANIELSON, Appellant, v. RICHARD SYKES, Respondent.

PRIVATE EASEMENTS—SALE OF LOTS WITH REFERENCE TO MAP—RIGHTS OF WAY—RULE IN THIS STATE.—It is an established rule in this state that when one lays out a tract of land into lots and streets, and sells the lots by reference to a map which exhibits them as they lie with relation to each other, the purchasers have a private easement, not only in the streets and ways abutting on their lots and leading therefrom to some public place or highway, but also in the streets and ways leading therefrom to other lots, and this private easement in such streets or ways is entirely independent of any dedication thereof to public use, but constitutes a private appurtenance to the lots so sold, of which the owner cannot be deprived except by due process of law.

ID.—MAP MADE PART OF DEED.—Where a lot conveyed by deed is described by reference to a map, such map is made part of the deed.

ID.—DEED CONVEYING RIGHT OF ACCESS TO ALL LOTS—MAP EXHIBITING STREETS AND ALLEYS.—If a map made part of a deed exhibits streets and alleys, the deed necessarily implies or expresses a design that such passageways shall be used in connection with the lots and for the convenience of the owners in going from each lot to any and all other lots in the tract so laid off. The making and filing of such a plat duly signed and acknowledged by the owner is equivalent to a declaration that such right is attached to each lot as an appurtenance; and such appurtenant right is conveyed by every subsequent deed referring to such map for description.

ID.—MARKING STREETS ON GROUND WITHOUT MAP—REPRESENTATION AS TO STREETS—EQUITABLE ESTOPPEL.—If streets are marked on the ground in the absence of a map, and lots are sold on the representation that such streets exist, the appurtenant right to use the streets, not expressed in the deed, rests upon an equitable estoppel.

ID.—IMPLIED GRANT BY SALE REFERRING TO MAP—UNTENABLE DIS-
TINCTION.—The grant implied when the sale is by reference to a
map leaves no ground for a distinction which limits the appurtenant
way to streets necessary for access to the outside world. The
convenience of using the way over the side streets, as compared
with those leading to general public highways, is merely a matter of
degree, not affecting the right.

ID.—ENFORCEMENT OF WAYS IN EQUITY—INJUNCTION.—The prevailing
doctrine appears to be that the technical right of the owner of a
lot sold by reference to a map extends to all the streets, and that it
will be enforced in equity with respect to all the streets which the
particular lot owner has occasion to use; though the closing of a
remote street which can be of no material benefit to the particular
lot in question will not in general be enjoined. But any street or alley
in close vicinity to a lot owner, which either is or may become of sub-
stantial benefit to him, will be protected against closure by injunction.

ID.—PROTECTION OF ALLEY OPPOSITE PLAINTIFF'S LOT—ACCESS TO
BEACH AND RAILWAY—FINDINGS AGAINST EVIDENCE—INJUNCTION.—
Where an alley situated directly opposite to plaintiff's lot, and con-
nected with the street abutting thereon, leads toward the ocean
beach and gives access to the right of way and track of the rail-
road, and the evidence shows that it has been so used in the past,
for passage to and from the streets of the tract, and the houses
thereon, and that its open passage is of use and benefit to the
plaintiff, and that findings to the contrary are against the evidence,
the plaintiff is entitled to an injunction to prevent the closure of
such alley by another owner abutting thereon to the injury of the
plaintiff.

ID.—PLAINTIFF ENTITLED TO PROSPECTIVE BENEFIT.—Regardless of
whether or not the alley opposite plaintiff's lot was previously to
the closure open to the general public for passage to the railway
station, yet such general passage may be allowed in the future,
rendering the alley more valuable to the lot. The plaintiff is
entitled to the prospective benefit which may so arise, and the
defendant had no right permanently to close the alley because of
any uncertainty on this point.

ID.—ADVERSE OBSTRUCTION OF PRIVATE EASEMENT—THREATENED EX-
TINCTION—REMEDY BY INJUNCTION—REMEDY AT LAW INADEQUATE.
—Where an obstruction to a private easement is continuous, ex-
clusive and under claim of right, so that it will eventually destroy
the easement by adverse possession thereof, an injunction will be
granted against such obstruction, although substantial damage has
not yet been caused by the obstruction. In such case the damage
will be substantial when the adverse occupation has extinguished the
right of way. This is sufficient to justify the injunction to prevent
the continued occupation which would if not disturbed have such
result. In such case the remedy of successive actions at law for each
day's obstruction is inadequate, and equity will interpose by injunction.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. James W. Taggart, Judge rendering judgment. S. E. Crow, Judge denying new trial.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

Richards & Carrier, for Respondent.

SHAW, J.—The plaintiff sued to enjoin the defendant from obstructing an alleged street or way, which she claims is appurtenant to her lands. Issues were joined, there was a trial by the court, and the injunction was refused. From the judgment and from an order denying a new trial the plaintiff appeals.

The plaintiff is the owner of lot 8 in a subdivision of land into lots and streets. Its situation with reference to the way in question, the streets and the adjoining lots, is shown by the following diagram:

The tract, comprising about sixteen acres, was subdivided in 1893 and the lots were sold by the owner thereof to divers persons who have erected dwelling houses thereon. It constitutes a part of the seaside resort known as "Miramar" in Santa Barbara County. The plaintiff is in possession of lots 8 and 9, and occupies a house on lot 9, the two lots being used in connection with the house as a place of residence. The alley in question lies between lots 3 and 4 and is directly opposite to lot 8. It extends south to the south line of the tract, leading from the street in front of lot 8 to the track and right of way of the Southern Pacific railroad, not far from Miramar station.

The defendant obtained from the successor of the original owner of the tract a conveyance of lot 4 and also of the ground included in the adjoining alley. Thereupon he built a fence across the northern end of the alley where it enters the street and has ever since maintained the fence and occupied the alley as a part of his premises, completely preventing the use of the alley by plaintiff or others as a way. The plaintiff began this action to enjoin the continuance of the obstruction.

The findings state the facts aforesaid, but further state that the alley was of no use or benefit to the plaintiff, that its closing caused plaintiff no damage and, hence, that she was not entitled to an injunction.

It is a thoroughly established proposition in this state that when one lays out a tract of land into lots and streets and sells the lots by reference to a map which exhibits the lots and streets as they lie with relation to each other, the purchasers of such lots have a private easement in the streets opposite their respective lots, for ingress and egress and for any use proper to a private way, and that this private easement is entirely independent of the fact of dedication to public use, and is a private appurtenance to the lots, of which the owners cannot be divested except by due process of law. (*Kittle* v. *Pfeiffer,* 22 Cal. 490; *Petitpierre* v. *Maguire,* 155 Cal. 250, [100 Pac. 690]; *Prescott* v. *Edwards,* 117 Cal. 304, [59 Am. St. Rep. 186, 49 Pac. 178]; *Schaufele* v. *Doyle,* 86 Cal. 109, [24 Pac. 834]; *Eachus* v. *Los Angeles etc. Co.,* 103 Cal. 617, [42 Am. St. Rep. 149, 37 Pac. 750]; *Cushing-Wetmore Co.* v. *Gray,* 152 Cal. 122, [125 Am. St. Rep. 47, 92 Pac. 70]; *Williams* v. *Los Angeles etc. Co.,* 150 Cal. 594, [89 Pac. 330]; *King* v. *Dugan,* 150 Cal. 263,

[88 Pac. 925] ; *Archer* v. *Salines,* 93 Cal. 49, [28 Pac. 839] ; *Grogan* v. *Haywards,* 4 Fed. 163, [6 Sawy. 498] ; *Gormley* v. *Clark,* 134 U. S. 350, [10 Sup. Ct. 554].) It is claimed on behalf of the defendants that this private right of way is limited to the use necessary for ingress and egress and that it embraces only the street which abuts upon the particular lot in question and such other streets as may lead therefrom to some public highway or public place. There are decisions in other states which place these limits upon the private easements, and in section 247 of Jones on Easements, the rule is so stated. The decisions in this state do not recognize such distinction, and we do not think it is founded in good reason.

When a lot conveyed by a deed is described by reference to a map, such map becomes a part of the deed. If the map exhibits streets and alleys it necessarily implies or expresses a design that such passageway shall be used in connection with the lots and for the convenience of the owners in going from each lot to any and all the other lots in the tract so laid off. The making and filing of such a plat duly signed and acknowledged by the owner, as was the case here, is equivalent to a declaration that such right is attached to each lot as an appurtenance. A subsequent deed for one of the lots, referring to the map for the description, carries such appurtenance as incident to the lot. Such we understand to be the true foundation for the rule first above stated. Where streets are laid out and exhibited on the ground and no map is made, but lots are sold upon the oral representation that such streets exist, the appurtenant right to use the streets is not expressed in the grant, and in such cases it is declared to rest upon the doctrine of equitable estoppel. (*Prescott* v. *Edwards,* 117 Cal. 304, [59 Am. St. Rep 186, 49 Pac. 178].) If this implied grant is the foundation of the doctrine in question where the sale is by reference to a map, it is difficult to perceive any ground for a distinction which would limit the appurtenant way to the streets necessary for access to the outside world. It is obvious that the convenience of the use of the way over the side streets, as compared with those leading to general public highways, is merely a matter of degree, and that it does not affect the technical right. The decisions of other states, for the most part, make no such distinction. The cases which suggest or hold that no such appurtenance is given in side streets are those in which time had

shown that the scheme of subdivision and settlement as a part of a town or village had failed in whole or in part, or where the lots on the closed streets were unoccupied and where such lots and interlying streets were used for agriculture or other purposes incompatible with use for dwellings or business and which rendered such streets useless, or where the lot in question was so remote from the closed street that the damage was infinitesimal and the remedy by injunction was considered inapplicable on the ground that the law does not regard trifles. The prevailing doctrine, however, seems to be that the technical right extends to all the streets and that it will be enforced in equity with respect to all the streets which the particular lot owner has occasion to use, but that the closing of a remote street which can be of no material benefit to the particular lot in question will not in general be enjoined.

In the present case the alley lies directly opposite plaintiff's lot, it leads toward the ocean beach and it gives access to the right of way and track of the railroad. This may or may not at the present time be open to the general public for passage to the station, but such passage may be allowed in the future, and in that event the alley would be more valuable to the lot. The defendant has no right to permanently close the alley because of any uncertainty on this point. The plaintiff is entitled to whatever benefit may exist from the prospect that such use may be permitted in the future. The evidence shows that it has been so used in the past.

There is a finding that the alley has not been used for passage to and from the streets of the tract, or the houses thereon, to or from said railroad right of way. This is contrary to the evidence. It appears without contradiction that it had been used by the plaintiff and others for passage on foot to such an extent that there was a path made which was distinctly visible. It is established by the findings and the evidence that the alley was of sufficient benefit to the plaintiff as a private appurtenance to the lot to support a complaint for an injunction to prevent its obstruction. The conclusion that it is of no use or benefit to plaintiff or to her land, and that its closure causes her no injury is not sustained by the facts proven.

The rule is that if an obstruction to a private easement is continuous, exclusive, and under claim of right, so that it will eventually destroy the easement by adverse possession thereof,

an injunction will be granted against such obstruction, although substantial damage has not yet been caused by the obstruction. In such a case the damage will be substantial when the adverse occupation has extinguished the right of way. This is sufficient to justify the injunction to prevent the continued occupation which would eventually operate to take a right in real property from the true owner. (*Mendelson* v. *McCabe,* 144 Cal. 232, [103 Am. St. Rep. 78, 77 Pac. 915], and cases there cited.) This case also decides that where such trespasses are of a continuing nature and the damage for each day's obstruction is insignificant, the remedy of successive actions at law for such damages is inadequate, and equity will interpose by injunction.

The judgment and order are reversed.

Angellotti, J., and Sloss, J., concurred.