CHARLES S. HANKINS, Appellant, *vs.* ARTHUR W. HENDRICKS, Appellee.

*Opinion filed December 21, 1910.*

1. EASEMENTS—*making and recording of a plat not essential to create an easement.* The making and recording of a plat are not essential to the creation of an easement and create no easement as long as title to the platted tract remains in the original owner, but, whether recorded or not, a plat, in connection with other evidence, may tend to show a disposition and arrangement by the owner of different parts of the tract.

2. SAME—*easement may arise by owner's division of land and sales with reference thereto.* Where the owner of a tract of land has divided it into different parts, as lots and alleys or ways, in such a manner that one part derives from another an advantage of a permanent, open and visible character, and has afterwards sold a part of the property, the purchaser takes the part sold with all the benefits and burdens which appear at the time of the sale to belong to it.

3. SAME—*easement claimed need not be absolutely necessary for enjoyment of estate granted.* It is not essential that the easement claimed by the purchaser of a lot be absolutely necessary for the enjoyment of the estate granted to him, and it is sufficient if it is highly convenient and beneficial thereto.

4. SAME—*a grantee with notice takes no better right than his grantor.* An owner of a tract of land who has divided it in such a

way that an alley and court are reserved for the use of the premises sold and are openly used by the purchasers of such premises as a means of access to their lots from the street, cannot thereafter destroy the easement by closing up the alley and court, nor can he confer that right by quit-claim deed on a person having notice of the open and visible use to which the alley and court are subjected.

APPEAL from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

C. E. SCHROLL, for appellant.

WHITLEY & FITZGERALD, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Macon county dismissed the appellant's bill for an injunction restraining the appellee from removing the appellant's fence and passing over his land. The record has been brought before us for review, and presents the question of the existence of an easement of passage to and from appellee's lot over appellant's premises.

For more than twenty years prior to 1903 Harvey Mahannah owned lots 3 and 4 of block 2 in Lake & Co.'s addition to Decatur. Lot 3 was immediately north of lot 4, and each fronted east on Warren street 150 feet, with a depth of 290 feet. Center street, running east and west, was the south boundary of lot 4. Mahannah sold the west 50 feet of lot 4 to Alice E. Smith on August 14, 1903, the next 40 feet east to Elbert C. Tade on October 29, 1904, the next 40 feet east to William I. Lundy on April 7, 1905, and the next 40 feet east to Emery O. Shively on April 2, 1906. He sold 45 feet off the north side of lot 3 to Patrick Cullen, and on January 31, 1906, sold the west 90 feet of the south 105 feet of lot 3 to Elbert C. Tade. This tract Tade sold to the appellee in January, 1909. Immediately south of the Cullen tract another tract fronting 45 feet on Warren street and running back 200 feet was sold, and the

tract immediately south of that, fronting on Warren street
47.8/12 feet and 170 feet deep, was sold to Lily Thomas.
This left a strip about 12 feet wide fronting on Warren
street, running back 200 feet, and a tract lying north of the
west 30 feet thereof immediately west of Mrs. Thomas'
lot, and it is concerning these tracts that the controversy
arises.   The following plat indicates the relative situation
of the various parts of the lots.   Appellant owns all of
lot 3 not otherwise marked:

It appears from the evidence that when Tade bought
the first tract of Mahannah, which fronted on Center street,
Mahannah told him that there was to be an alley for the
use of the property owners and showed him where it would
be.   There was also to be a court for turning, immediately
north and at the rear of Tade's lot.   The court was laid

out by Mahannah, and was used, together with the alley, for all kinds of driving and hauling. From that time there has been no obstruction to travel and the property owners have buildings at the south line of the alley. When Lundy bought, the same representations were made to him in regard to the alley, and he was told that it should extend from Warren street to the west line of his lot. He insisted on having the provision for the alley in his deed, and it was accordingly inserted in these words: "The grantors hereby grant to said grantee the free use of an alley, which said grantors agree to open in 1905 from Warren street west along the north line of said lot 4 to the west line of said tract above conveyed, with a court at the west end large enough for turning teams." The alley and court have ever since been used by the owners of the adjoining property as a means of access from Warren street to the rear of their lots. The alley was fenced on the south but not on the north until after Mrs. Thomas' purchase, when she built the fence on the north in 1906 or 1907. When Tade made his second purchase, the tract 90 by 105 feet in the south-west corner of lot 3 was entirely shut off from access to any public street except over that portion of lot 3 lying between it and Warren street, which was still owned by Mahannah. The alley was there, and though not fenced was a visible indication of its appropriation to the use of this portion of the premises as well as to the use of the premises of the adjoining proprietors. The court was then north of Tade's first purchase but by agreement was moved east, no one having any interest in keeping it where it was. No change was made in the alley, and later a fence was built around Mrs. Thomas' lot and thus the court and alley were fenced out. This was the condition when the appellee purchased several years later and when appellant later obtained a conveyance of the court and alley, on July 1, 1909. Thereupon the appellant built a fence on the west side of the court and the appellee tore it down. This was repeated

more than once, and the bill was filed to prevent the appellee from again tearing down the fence.

The principle has been often announced that where the owner of an estate has divided it into different parts, as lots and alleys or ways, and so arranged them that one part derives an advantage from another of a permanent, open and visible character, and has afterwards sold a part of the property, the purchaser takes the part sold with all the benefits and burdens which appear at the time of the sale to belong to it. It is not necessary that the easement claimed by the grantee be absolutely necessary for the enjoyment of the estate granted, but it is sufficient that it is highly convenient and beneficial thereto. (*Cihak* v. *Klekr,* 117 Ill. 643; *Newell* v. *Sass,* 142 id. 104; *Martin* v. *Murphy,* 221 id. 632; *Powers* v. *Heffernan,* 233 id. 597; *Ingals* v. *Plamondon,* 75 id. 118.) The making and recording of a plat are not necessary to the creation of the easement. A subdivision and plat create no easement so long as the title remains in the original owners, but whether recorded or not, a plat, in connection with other evidence, may tend to show the disposition and arrangement by the owner of different parts of the estate. "The foundation of the doctrine of easement in this and similar classes of cases is a disposition and arrangement of the premises as to the uses of the different parts by him having the unity of possession, and then a severance." *Clarke* v. *Gaffeney,* 116 Ill. 362; *Morrison* v. *King,* 62 id. 30; *Martin* v. *Murphy, supra.*

When Mahannah sold to Tade the premises now owned by the appellee, the court and alley were used not only for access to these premises but to all adjacent premises. The fact was open and visible and no other means of access existed. The purchase was made with reference to the continued existence of such access, and the conveyance of the premises carried with it the visible advantage of the easement of access. Tade's deed to the appellee conveyed this right with the premises, and the existence and use of the

alley and court were plainly apparent to the appellant when he obtained the conveyance from Mahannah. That con-veyance was a quit-claim deed taken with full notice of the appellee's rights. Mahannah had no right to prevent the appellee from using the alley and court for access to his premises and the appellant has no greater right.

The decree of the circuit court will be affirmed.

*Decree affirmed.*