[Civ. No. 1265.  Second Appellate District.—March 5, 1913.]

G. W. SMITH, Respondent, v. J. H. SMITH, Appellant.

DEDICATION—SALE OF LOTS ON MAP SHOWING ALLEY—ESTOPPEL.—If the owner of land produces to purchasers of various lots a map showing that a certain strip is an alley and represents to them that the strip is an alleyway, which representations are acted upon, the alley is thereby established.

ID.—PRESCRIPTIVE TITLE TO ALLEYWAY—PAYMENT OF TAXES.—Long-
continued use by abutting property owners of a strip of land as an
alleyway, under claim of right and adversely, establishes a prescrip-
tive title thereto, without the payment of taxes, if none are shown
to have been assessed.

ID.—TAX-SALE OF WAY—TITLE ACQUIRED BY PURCHASER.—Where the
owner of a tract sells the various lots in such a manner as to give
the purchasers an easement over a strip as an alley, and afterward
conveys the alley, the purchaser of the alley takes only the naked
legal title, and that is all that can be assessed against him and be
conveyed by tax deed. The easement remains unaffected.

ID.—OBSTRUCTION OF WAY—INJUNCTION BY ABUTTING OWNER.—Under
section 731 of the Code of Civil Procedure, the owners of lots abut-
ting on an alleyway may maintain an action to restrain the owner
of the legal title from obstructing the way.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Walter J. Horgan, for Appellant.

Stutsman & Stutsman, for Respondent.

ALLEN, P. J.—The action was one to restrain the defend-
ant from obstructing an alleyway and for a mandatory order
requiring the removal of the obstructions placed therein by
defendant. Findings and judgment for plaintiff, from
which, and an order denying his motion for a new trial, de-
fendant appeals.

The facts found by the court and supported by the uncon-
tradicted evidence are: In 1886, one Safford was the owner
of a tract of land in Los Angeles City; that thereafter he
subdivided said tract into lots and sold the same to various
parties, representing to each at the time of the sale that a strip
of ground eighteen feet in width, extending through said tract
and upon which all of the lots so sold abutted, was an alley-
way laid out for the use and benefit of said abutting owners.
The record shows that Safford at the time of the respective
sales showed to the purchasers a map upon which was de-
lineated this alleyway. The purchasers used the said alley-

way as a means of ingress and egress to the property, as did the general public, for more than five years. Thereafter, in 1887, Safford undertook by a deed to convey to some of the parties, owners of the abutting lots, the strip so used as an alley. Others owning an interest in abutting lots were not made grantees therein. No answer of defendant appears in the record. There was, however, admitted in evidence upon the hearing of the cause certain tax deeds showing the alleyway to have been sold to the state for delinquent taxes in the year 1897, and subsequently by the state conveyed to the defendant. Also, there was offered in evidence a judgment-roll showing that at some date not appearing the title of defendant to said alleyway was quieted as to some of the abutting owners, but not as to plaintiff. The court sustained an objection to the introduction of such judgment-roll.

We see no merit in the appeal. The production of a map by Safford to the purchasers of the various lots showing the alley, and his representations to said purchasers that said strip was an alleyway, and which representations were acted upon, were sufficient as to such parties to establish said strip as an alleyway. (*Prescott* v. *Edwards,* 117 Cal. 304, [59 Am. St. Rep. 186, 49 Pac. 178].) In addition, the long continued use of the strip as such alleyway under claim of right and adversely was sufficient to establish a prescriptive title. No taxes being shown to have been assessed, it was not incumbent upon plaintiff to show payment thereof. (*Baldwin* v. *Temple,* 101 Cal. 403, [35 Pac. 1008], and authorities cited.) It is only the payment of taxes levied and assessed which, by section 325 of the Code of Civil Procedure, is made a condition for acquiring title by adverse possession. The easement in the alleyway being attached to the abutting property and forming a part thereof, it will be presumed, nothing to the contrary appearing, that the same and the value thereof was included in the taxes assessed against the lots. The only title which Safford by his deed made in 1887 could convey to the tenants in common therein named as grantees, was the naked legal title, subject to the easement. No merger resulted from such deed and all that could be assessed as taxes against these tenants in common and their land were the taxes and assessments against the naked legal title, and that title was all that was conveyed by the tax deeds

in evidence.   The holder of such title could not interfere with the easement rights of plaintiff.   This action was maintainable under section 731 of the Code of Civil Procedure.

We see no error in the record, and the judgment and order are affirmed.

James, J., and Shaw, J. concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 4, 1913.