[Civ. No. 8156. First Appellate District, Division Two.—February 4, 1932.]

WILLIAM D. SYERS, Respondent, v. WILLIAM J. DODD, Appellant.

Dana R. Weller for Appellant.

Albert J. Sherer and Earl E. Howard for Respondent.

SPENCE, J.—Defendant appeals from a judgment in favor of plaintiff enjoining defendant from entering upon or using certain real property.

Both parties are owners of lots in a tract known as Laughlin Park and the controversy arises out of defendant's claim to the right to use a 25-foot roadway running along the southerly edge of plaintiff's lot for the purpose of gaining access to defendant's property. The tract is bounded by Los

Feliz Avenue on the north and Franklin Avenue on the south. The map of the tract recorded by the tract owners, through whom both plaintiff and defendant deraign title, showed a subdivision into lots but showed no streets within the tract. Upon this map which we will call the recorded map, appeared 19 irregular inside lots varying in area up to three acres which were not contiguous to any road or street. The tract owners deeded the lots to the purchasers by reference to this map. An unrecorded map was used by the tract owners for publicity and sales purposes. This unrecorded map showed various roads winding irregularly through the tract and each lot within the tract was shown abutting on one or more of these roads. Practically all of these roads, including the one in controversy, were of an uniform width of 25 feet, but they were not designated on the unrecorded map by either name or number. The road here in controversy was shown on the unrecorded map as a blind road or "spur", as plaintiff termed it, running along the southerly edge of plaintiff's property and connecting with the rear of the lots belonging to defendant and the lots belonging to others. The unrecorded map was printed and circulated at the time the subdivision was put on the market and was thereafter used by the salesmen in making their sales to the purchasers. The purchasers were told by the salesmen that the strips designated on the map were laid out for road purposes for the common use of the property owners. In the deeds through which defendant claims, no mention was made of the right to an easement over the road in question. When plaintiff purchased in 1922, his deed purported to cover a portion of the strip of land designated on the map as a road. This deed did mention that the property was subject to an easement for private driveway purposes in favor of another owner but made no mention of any easement in favor of defendant. At the time plaintiff made the purchase the road had been used by defendant and others for many years. Plaintiff testified that he received one of the unrecorded maps at the time he purchased the property and at that time "the streets were laid out just as that map shows them". The trial court sustained plaintiff's contention that under the deed from the tract owners he was entitled to exclude defendant from the use of the portion of the roadway running across his property. Findings were made to the effect that defend-

ant had been using the land as a means of ingress and egress to his property without the consent of plaintiff and "without any right to use plaintiff's land or any part thereof" and judgment was entered enjoining defendant from using the same.

The whole question involved on this appeal is whether under the admitted facts appellant was entitled to an easement for road purposes over the strip in question. It is appellant's contention that he was entitled thereto and in our opinion this contention must be sustained. Ordinarily subdivisions are sold by reference to recorded maps showing the portions laid out for road purposes. As was said in *Danielson* v. *Sykes,* 157 Cal. 686, at page 689 [28 L. R. A. (N. S.) 1024, 109 Pac. 87, 88]: "It is a thoroughly established proposition in this state that when one lays out a tract of land into lots and streets and sells the lots by reference to a map which exhibits the lots and streets as they lie with relation to each other, the purchasers of such lots have a private easement in the streets opposite their respective lots, for ingress and egress and for any use proper to a private way, and that this private easement is entirely independent of the fact of dedication to public use, and is a private appurtenance to the lots, of which the owners cannot be divested except by due process of law." But even in the absence of a recorded map the same rule applies where the seller exhibits the tract to purchasers with reference to an unrecorded map (*Smith* v. *Smith,* 21 Cal. App. 378 [131 Pac. 890]), or with reference to stakes on the ground indicating the areas to be used for road purposes. (*Prescott* v. *Edwards,* 117 Cal. App. 298 [59 Am. St. Rep. 186, 49 Pac. 178].) In the last-named case the court said, at page 303: "The purchaser's condition was thus the same as if the land had been sold by a recorded or unrecorded plat. Under the circumstances we have depicted it would be a gross injustice for the owner to deprive a purchaser of the privilege of using such strips of land as streets, and an injustice which the law does not countenance. While the case in its facts is out of the ordinary, upon principle it is analogous, as we have shown, to all those where plats have been used in the making of sales; and we know of no case of that kind where relief has been refused when sought in courts of justice. While courts may not all have agreed

upon the legal principle to be invoked in administering relief, yet the result has always been the same—relief has always been granted.''

 Apparently respondent does not seriously question the right of appellant to assert his claim of easement as against the tract owners but contends that even if appellant had any rights against the tract owners, respondent had no notice thereof and is not bound thereby. With this we cannot agree. Under the foregoing authorities appellant could assert his rights against the tract owners and the question of whether he could assert the same against respondent as the subsequent purchaser from the tract owners depends upon whether respondent had notice at the time of making the purchase. This notice may be actual or constructive. In *Pollard* v. *Rebman*, 162 Cal. 633, the court said, at page 634 [124 Pac. 235, 236]: ''If the way is at the time in use, and, although not fenced, is marked on the ground either by the effects of the travel over it or by fences or other bounds, so that it is plainly visible and its use obvious to one who examines the premises, the purchaser is put on inquiry with regard to such easement and cannot claim as a purchaser without notice thereof. He cannot escape this by buying without examination. He is bound to take notice of that which a reasonably careful inspection of the land would disclose to him.'' But here respondent had actual notice for he knew that the road was in actual use and knew it was designated as a road on the unrecorded map which was published and shown to the purchasers. In other words, the facts present a case of what may be termed an obvious easement and respondent took title to the land subject thereto. (*Southern Pac. Co.* v. *Los Angeles Mill. Co.*, 177 Cal. 395, 402 [170 Pac. 829]; *Hankins* v. *Hendricks*, 247 Ill. 517, 521 [93 N. E. 428].)

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March, 5, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1932.