[Civ. No. 8728. First Appellate District, Division Two.—April 12, 1933.]

ANN G. DOUGLAS et al., Respondents, v. T. K. LEWIN, Appellant.

Thornton & Watt and Herbert Chamberlin for Appellant.

John H. Crabbe for Respondents.

SPENCE, Acting P. J.—This is an appeal by defendant from a judgment decreeing that plaintiffs are entitled to a right of way over a trail on the land of defendant and enjoining defendant from interfering with plaintiffs' use and enjoyment thereof.

In 1902 defendant acquired a tract of land in Marin County, said tract fronting on Miller Avenue in or near Mill Valley. This tract consisted of about five acres and extended up over steep and precipitous ground from Miller Avenue to La Verne Avenue. In 1903 defendant constructed a cabin in about the center of this tract and built a trail leading up the hill from Miller Avenue. This was a well-defined trail which was built upon bedrock in some places and excavated through bedrock in others and which wound back and forth according to the contour of the land. The tract remained in single ownership until 1924, at which time defendant planned to dispose of portions thereof. No map showing a subdivision of defendant's land was recorded, but a map showing certain lots and lot numbers was made by defendant. The cabin lot was designated as lot 1. Immediately above lot 1 and adjoining it was a lot designated as lot 5. Neither lot 1 nor lot 5 abutted on any public road, but on defendant's map a ten-foot roadway was shown running down to said lots from La Verne Avenue. This roadway was "just land like the rest of the field", according to defendant, and was not even designated on the map "until the Cowderys estimated what they wanted". This roadway was never graded at any time and, according to plaintiffs, it was "a continuation of the trail". On the opposite side of said roadway was a larger lot designated as lot 4 which did extend up to and have a frontage on La Verne Avenue. It appears that Miller Avenue is the main thoroughfare leading to the railroad station and that the postoffice boxes of the various parties mentioned herein were located at the lower end of defendant's tract on said Miller Avenue.

In 1924 defendant sold lot 4 to a Mrs. Cowdery. At about the same time plaintiffs rented from defendant the cabin on lot 1 and remained there as tenants until October, 1925. During the tenancy plaintiffs freely used the trail to Miller Avenue. In the early part of 1925, plaintiffs commenced negotiations with defendant for the purchase of lot 5. There was no building on lot 5 at the time and the negotiations ultimately resulted in an oral agreement whereby defendant was to build a dwelling-house upon said lot and sell the lot and dwelling-house to plaintiffs for a sum slightly in excess of $3,000. During the negotiations plaintiffs asked defendant whether they would have the use of the trail in the event that they purchased the property and he answered "most certainly, of course". Pursuant to the oral agreement between the parties the house was built and plaintiffs received their deed in December, 1925. The deed made no mention of any right of way, but defendant did not deny his agreement to permit plaintiffs to use the trail. On the trial he stated, "I do not deny or affirm it, Judge." After plaintiffs purchased lot 5, plaintiffs, together with Mrs. Cowdery and the friends of these parties, used said trail without interference until November, 1929, when defendant blocked off the trail and prevented plaintiffs from having access thereto. Thereafter plaintiffs commenced this action.

■ Appellant contends that the evidence is insufficient to support a finding that respondents "are the owners of an easement of right of way over the Lewin Trail". We find no merit in this contention. The evidence shows without conflict that during the negotiations for the sale of lot 5 and as part of the consideration of said sale appellant agreed that respondents would have the use of said trail. Appellant seems to take the position that as the deed contained no express grant of a right of way over said trail respondents "had a mere license by parol to use the trail, that it rested merely on neighborly accommodation, and that it was revocable at any time". We believe this position untenable. Respondents were not mere neighbors whom appellant had generously permitted to use said trail. They were the purchasers of a portion of appellant's property and were assured of the right to use the established trail over another portion of defendant's property at the time of their negotiations with appellant. After the payment of the pur-

chase price appellant cannot be heard to repudiate his agreement, for "even an oral agreement, if executed and based upon a valuable consideration, will convey an equitable title to the easement agreed upon". (9 Cal. Jur. 949. See, also, *Rubio Cañon etc. Assn.* v. *Everett,* 154 Cal. 29 [96 Pac. 811]; *Fogarty* v. *Fogarty,* 129 Cal. 46 [61 Pac. 570]; *Flickinger* v. *Shaw,* 87 Cal. 126 [25 Pac. 268, 22 Am. St. Rep. 234, 11 L. R. A. 134].) Appellant is in no better position than one selling a portion of a tract with reference to a map showing roads or ways in said tract or with reference to stakes on the ground marking out such roads or ways. In such cases it has been held that the purchaser has an easement over the portions of the land so designated by the seller. (*Danielson* v. *Sykes,* 157 Cal. 686 [109 Pac. 87, 28 L. R. A. (N. S.) 1024]; *Prescott* v. *Edwards,* 117 Cal. 298 [49 Pac. 178, 59 Am. St. Rep. 186]; *Syers* v. *Dodd,* 120 Cal. App. 444 [8 Pac. (2d) 157]; *Smith* v. *Smith,* 21 Cal. App. 378 [131 Pac. 890].)

Appellant further contends that "the evidence is insufficient to support the finding as to the width or description of the trail and the description contained in the findings is insufficient to locate the alleged easement upon the land". Considering first the description of the trail in the findings, we cannot say that said description is insufficient. Respondents' property and the trail in question were described in the complaint and findings by reference to Tamalpais Land & Water Company Map No. 6, a recorded map, and also by reference to an unrecorded map of appellant's property which showed the location of the trail and was attached to the complaint as an exhibit. Neither of said maps is to be found in the record on appeal, but the findings appear to fix the point of commencement and the point of termination of said trail with great particularity and to show the course of the trail between the said points by referring to the exhibit mentioned above. The trail is further described in the findings as being "three feet wide and at the various curves is of a width of about four feet". So far as we can ascertain from the record before us, it would be practically impossible to describe this winding trail with any greater particularity. Turning to the evidence there appears to have been no real dispute in the trial court over the description or width of the trail. The trail was described in

the complaint and findings as above indicated. By his answer appellant made formal denial of most of the allegations of the complaint, but conceded in the answer "that there is a trail of various widths and running in various directions, which is well defined, and which runs from a point . . . " The unrecorded map with the trail shown thereon was identified on the trial as "correctly showing the location and meanderings of the trail". Counsel for appellant then asked, "Do you want to put it in evidence?" Counsel for respondents answered in the affirmative and counsel for appellant replied, "All right," whereupon the map was introduced. It appears from the record that the map introduced was a duplicate of the map attached to the complaint and referred to in the findings. As to the width of the trail, there was evidence to show that the average width was three or three and one-half feet and that it was "wide where it turns". Appellant himself testified that it was "an irregular trail. There is no special average dimensions on it, or width of it. Probably at the beginning, probably only a foot wide. Now it is quite a little wider, gradually, as I grubbed it from time to time." We believe there was sufficient evidence to sustain the findings relating to the description and width of the trail.

One further point is urged by appellant. He claims that the trial court erred in admitting evidence of appellant's conversation with Mrs. Cowdery regarding the use of the trail, which conversation was had at the time he was negotiating with Mrs. Cowdery for the sale of lot 4. In this conversation the witness stated that she asked appellant about the use of the trail and he said "that trail was for the use of those who bought the property". It is unnecessary to discuss the propriety of the trial court's ruling admitting this evidence or the theory upon which respondents offered it. The uncontradicted evidence shows that appellant agreed that respondents should have the use of the trail, and assuming without deciding that the admission of said testimony of Mrs. Cowdery was erroneous, it could not have been prejudicial.

The judgment is affirmed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1933.