123 P.2d 381

**RITTER–WALKER CO. v. BELL, Probate Judge of Grant County, et al.**

No. 4644.

Supreme Court of New Mexico.

Feb. 24, 1942.

Sanders & Taggart and Alton B. Warren, all of Lordsburg, for appellant.

H. Vearle Payne, of Santa Fe, for appellees.

BRICE, Chief Justice.

The question is whether the appellee Ellison (hereinafter called appellee) is the owner of an easement for driveway purposes across the north 30 feet of lot 12 of block 2 of Simpson's Addition to the village of Lordsburg, New Mexico. From the findings of the court we deduce the following material facts:

Prior to July 12, 1934 Mrs. Sarah Simpson was the owner in fee simple of lots 10, 11 and 12 of block 2, Simpson's Addition to the village of Lordsburg, New Mexico, subject to a lease to appellee of the north 40 feet of lots 10 and 12 and the north 60 feet of lot 11, with an option to purchase.

On the date mentioned appellee entered into an oral agreement with Mrs. Sarah Simpson to purchase lots 10 and 11, with an easement for driveway purposes across the north 30 feet of lot 12, for the sum of $2,000 and other considerations. Appellee made a down payment upon his purchase, and continued in possession of lots 10 and 11 and the easement across the north 30 feet of lot 12, which had been in use for driveway purposes in connection with lots 10 and 11 for some years. On the 21st day of November, 1934, Mrs. Simpson, in pursuance of said oral agreement, conveyed by warranty deeds to appellee lots 10 and 11 separately, with appurtenances, but the easement was not specifically mentioned in either deed.

On the 14th day of July, 1934, Mrs. Simpson and another contracted to convey to C. C. Olney, appellant's predecessor in title, lot 12, with the following proviso: "It is further agreed that the party of the second part (appellant's predecessor in title) will in no way encroach on the strip of property in front of the cafe, which runs parallel to the highway. This strip

of land starts to the south edge of the highway and extends thirty feet south toward the front of the cafe." Thereafter, in pursuance of said contract, on the 19th day of July, 1934, a deed was made by Mrs. Simpson conveying to C. C. Olney said lot 12 "except for an easement across the north thirty feet of the above described property heretofore granted to other parties for driveway purposes." This deed was placed of record. On the 7th day of May, 1935, Olney and wife conveyed lot 12 to L. B. Scott and Henry Hughes, excepting therefrom "an easement as to the north thirty feet of the above described property, granted to other parties for driveway purposes." This deed was also placed of record. Scott and wife conveyed this property to Henry Hughes without mentioning the easement in the deed. Appellant claims by mesne conveyance through Henry Hughes. The land in dispute had been used as a driveway since the year of 1930, to pass to and from lots 10 and 11 from and to U. S. Highway No. 80, running along the north boundary of the several lots mentioned; first as access to a filling station, and thereafter in connection with a camp ground consisting of tourist cabins situated on lots 10 and 11. In reliance upon the easement mentioned the appellee has constructed valuable improvements on lots 10 and 11, consisting of a new service station and a tourist camp to which said easement constitutes a valuable driveway. The appellant had notice of this easement and of its use by the appellee at the time he purchased lot 12. It was appurtenant to said lots 10 and 11 for "driveway purposes."

From these facts the court concluded that the appellant was the owner in fee simple of said lot 12, subject to an easement in appellee for driveway purposes across the north 30 feet thereof; that as the oral grant of the easement was fully and completely performed by the payment of the consideration therefor and the delivery of possession, and at the time it was in use by the appellee, that the grant did not come within the inhibition of the statute of frauds, and title passed to the appellee and had remained in him since its purchase, and he was still the owner thereof; that "the defendant Leon Ellison owned and owns a positive easement for driveway purposes on and over the north 30 feet of lot 12 of block 2 of Simpson's Addition to the village of Lordsburg, New Mexico, which easement is appurtenant to lots 10 and 11 of said block 2."

 The appellant assigned numerous errors but with the exception of those hereinafter mentioned they were abandoned because not supported by point, argument or authority. Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99; Brown v. Mitchell, 45 N.M. 171, 109 P.2d 788.

Appellant asserts that "the pleadings as well as the proof show that any alleged claim that the defendant, Leon Ellison, might have to the alleged easement is barred by the various sections of the statute of frauds relating to real estate."

Title to an easement passes like title to any other real estate and the statute of frauds requires that a grant of an easement be in writing unless acquired by adverse user. But an oral grant is sufficient if the consideration is paid by, and possession is given to, the purchaser. Osborne v. Osborne, 24 N.M. 96, 172 P. 1039; Douglas v. Lewin, 131 Cal.App. 159, 20 P. 2d 959; 28 C.J.S., Easements, § 24. It follows that the trial court was correct in his conclusion that the title passed to appellee, as we find substantial evidence to support this finding of the court.

It is next asserted that "the pleadings and exhibits filed, as well as the testimony offered, show conclusively that the original easement was an easement in gross as well as a negative easement."

There is no statement following this point, of the substance of the testimony and of the pleadings, which "shows conclusively" that the easement in question was one in gross or was a negative easement. Without a reference to such testimony and pleadings we are unable to say that appellant is correct, in the face of the fact that the trial court found that the easement was appurtenant to said lots 10 and 11. Assuming this point was intended to attack the finding of the court to the effect that the easement was appurtenant to said real estate, no attempt was made to comply with Sec. 6 of Supreme Court Rule 15, which is as follows:

"Assertion of fact must be accompanied by references to the transcript showing a finding or proof of it. Otherwise the court may disregard the fact.

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. Such a statement will be taken as complete unless the opposite party shall call attention in like manner to other evidence bearing upon the proposition."

To comply with this rule the substance of all the evidence bearing upon the question of whether the easement was appurtenant to the land should have been set out in the argument. However, we have examined the testimony and we think there was substantial evidence to support the finding of the court, to the effect that it was appurtenant to the two lots orally sold with the easement, and that it was not necessarily confined to a right of way to be used only as a way to the filling station as originally built.

Appellant's third point is, that the easement was so obstructed by appellee, or by his direction, that a clear intention was shown on his part to abandon it. Appellant fails to cite the record under this point, although he has copied from the testimony under his assignment of errors. Forfeitures of easements are not favored in law, Mammoth Cave Nat'l Park Ass'n v. State Highway Comm., 261 Ky. 769, 88 S.W.2d 931, and we find in the testimony

substantial support for the finding of the court that it was not abandoned, notwithstanding there was evidence supporting appellant's contention.

 Appellant asserts that the purpose of the easement was fulfilled when the filling station on the east side of lot 11, block 2, was torn down, and that thereafter it did not exist. But the finding of the court that the easement was appurtenant to the land in question is not specifically attacked, although indirectly attacked in the argument under this point. The findings of the trial court are the facts upon which this case must rest unless attacked specifically and set aside by this court. In re White's Estate, 41 N.M. 631, 73 P.2d 316; Wells v. Gulf Refin. Co., 42 N.M. 378, 79 P.2d 921; Lopez v. Townsend, 42 N.M. 601, 82 P.2d 921; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900. Under the court's findings the use of the easement was not limited to a way for going to the filling station for oil and gas. The court found that it was an easement for driveway purposes appurtenant to lots 10 and 11. Appellee testified that he bought the easement so his customers could get to his filling station "and to his property." We think the evidence substantially supports the court's finding.

It is said that no easement can be created appurtenant to a lot of land merely by the word "appurtenant" being included in the warranty deed transferring the dominant estate. The easement was granted by the fact that it was paid for and possession taken as we have stated, notwithstanding it was not mentioned specifically in the deed given by Mrs. Simpson to the appellee. The mention of this easement in the deeds to appellant's predecessors in title did not transfer the easement but it certainly reserved it for the owner, who indisputedly is appellee.

The judgment of the district court should be affirmed, and it is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.