[Civ. No. 16181.   First Dist., Div. Two.   Mar. 21, 1955.]

DONALD DAY, Appellant, v. CLAUDE E. ROBISON et al., Respondents.

Simeon E. Sheffey and Ray E. Montrose for Appellant.

Nelson & Boyd and Leo V. McInnis for Respondents.

NOURSE, P. J.—Plaintiff sued for an injunction and damages for trespass; defendants cross-complained asserting an easement and seeking damages for failure of consideration. Judgment was entered awarding defendants an easement for ingress and egress and denying all further complaints.

Plaintiff as owner of a large tract of land in the city of Kentfield placed in the hands of a real estate broker the lot purchased by the defendants and delivered to him a map showing a road on the northerly and easterly sides of the lot and a 20-foot lane on the westerly side. The broker turned the lot over to another broker who showed the lot to the defendants along with plaintiff's map showing the lane and, after assuring them that they would have the use of the lane, made the sale which was accepted by plaintiff. The lane was in existence for more than 29 years and was being used, at the time of the sale herein mentioned, by two other adjoining property owners.

These facts were all found to be true, and the findings are supported by competent evidence.

 The controlling question of law is found in *Prescott* v. *Edwards*, 117 Cal. 298 [49 P. 178, 59 Am.St.Rep. 186], where (p. 304) the Supreme Court said: "The sale by the map, or with reference to the streets upon it, was a sale not

merely for the price named in the land but for the further consideration that the streets and public grounds designated on the map should forever be open to the purchaser and to any subsequent purchasers in the town. This was an essential part of the consideration. The purchaser took not merely the interest of the grantor in the land described in his deed, but as appurtenant to it an easement in the streets and in the public grounds named, with an ample covenant that subsequent purchasers should be entitled to the same rights."

The Prescott case is cited in *Smith* v. *Smith*, 21 Cal.App. 378 [131 P. 890], where the facts were similar to those here. In the Smith case the court said (p. 380) : "The production of a map by Safford to the purchasers of the various lots showing the alley, and his representations to said purchasers that said strip was an alleyway, and which representations were acted upon, were sufficient as to such parties to establish said strip as an alleyway."

In a summary of the Prescott case and of *Danielson* v. *Sykes*, 157 Cal. 686 [109 P. 87, 28 L.R.A.N.S. 1024], the District Court in *Bradley* v. *Frazier Park Playgrounds*, 110 Cal.App.2d 436 [242 P.2d 958], said (p. 443) :

"It was said in *Danielson* v. *Sykes*, 157 Cal. 686 [109 P. 87, 28 L.R.A.N.S. 1024], that where a lot conveyed by deed is described by reference to a map, such map is made a part of the deed; that if streets are marked on the ground in the absence of a map, and lots are sold on the representation that such streets exist, the appurtenant right to use the streets, not expressed in the deed, rests upon an equitable estoppel; that the right of the owner may be enforced in equity with respect to all the streets which the particular lot owner has occasion to use; and any street or alley in close vicinity to a lot owner, which either is or may become of substantial benefit to him, will be protected against closure by injunction. *Prescott* v. *Edwards*, 117 Cal. 298 [49 P. 178, 59 Am.St.Rep. 186], as well as many other authorities, are cited therein. (See, also, *Davidow* v. *Griswold*, 23 Cal.App. 188, 192 [137 P. 619] ; Civ. Code, § 801 et seq.; Civ. Code, § 1104.) "

█ The Danielson case, and others following the same rule, is followed in the recent case of *Fristoe* v. *Drapeau*, 35 Cal.2d 5 [215 P.2d 729] where the court said (p. 8) :

"The purpose of the doctrine of implied easements is to give effect to the actual intent of the parties as shown by all the facts and circumstances. █ Although the prior use made of the property is one of the circumstances to be con-

sidered, easements of access have been implied in this state in situations in which there was no prior use. For example, where land was conveyed by reference to a map or plat showing proposed streets, it has been held that the grantee had an implied easement therein for use as a private way. (See *Danielson* v. *Sykes,* 157 Cal. 686, 689 [109 P. 87, 28 L.R.A.N.S. 1024] ; *Douglas* v. *Lewin,* 131 Cal.App. 159, 162 [30 P.2d 959] ; *Syers* v. *Dodd,* 120 Cal.App. 444, 446 [8 P.2d 157].) ''

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 18, 1955.