178          SUPREME COURT OF UTAH          [Nov.

William J. Lemp Brewing Co. v. P. J. Moran, Inc., 51 Utah 178.

## WILLIAM J. LEMP BREWING CO. v. P. J. MORAN, INC.

### No. 3078.   Decided December 3, 1917.   (169 Pac. 459.)

1. DEDICATION—STREETS—INTENT—ACCEPTANCE. Dedication may be express or implied, but the intention to dedicate must exist, and there must be some form of acceptance within a reasonable time. (Page 183.)

2. DEDICATION—STREETS—ACCEPTANCE—REVOCATION. Deed by landowner to city of land for alley when not accepted is a mere revocable offer, though recorded.   (Page 184.)

3. DEDICATION—STREETS—ACCEPTANCE. Purchaser of land abutting strip deeded to city takes with notice that the offer so made by his grantor to the city was contingent on acceptance.   (Page 184.)

4. DEDICATION—STREETS—REVOCATION. A purchaser of land abutting strip deeded by his grantor to city for alley takes with notice that if not accepted within reasonable time his grantor may revoke.[1] (Page 184.)

5. DEDICATION—STREETS—ACCEPTANCE. Where a purchaser from the original owner took after deed to city of land for alley which was never accepted, and the grantor by another conveyance granted the strip, and the grantee procured judgment quieting title, the first purchaser could not assert that the strip was an alleyway.[2]   (Page 185.)

Appeal from District Court of Salt Lake County, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by the William J. Lemp Brewing Company against P. J. Moran, Incorporated.

Judgment for defendant.   Plaintiff appeals.

AFFIRMED.

*Wm. H. Leary* and *J. M. Lanigan* for appellant.

*Pierce, Critchlow & Barrette* for respondent.

---

[1] *Sowadzki* v. *Salt Lake County,* 36 Utah 127, 104 Pac. 111; *Schettler* v. *Lynch,* 23 Utah 305, 64 Pac. 955.

[2] *Sowadzki* v. *Salt Lake County,* 36 Utah 127, 104 Pac. 111.

Appeal from Third District.

## APPELLANT'S POINTS

The plaintiff brought this action under the theory that when an owner plats a certain tract of his property, records the plat, marks the streets and alleys upon the ground, and then sells a lot to a purchaser, who has knowledge of those facts, and who pays a higher price for the lot he buys than he otherwise would have paid if the property had not been platted, that purchaser obtains an easement for a private right-of-way over the streets and alleys abutting upon his lot and the fee to one-half of the same. The theory is sustained by authority, and sound reason. 14 Cyc. 1176. The substance of the foregoing has been expressly adopted in this state in the case of *Sowadski* v. *Salt Lake County*, 36 Utah 127. See also, *Prescott* v. *Edwards*, 49 Pac. 178; *Story* v. *The Elevated Railway Co.*, 90 N. Y. at 145-6.

## RESPONDENT'S POINTS

Whatever conveyance was effected by the purported deed from John F. Heath to Salt Lake City (and the statute in force at that time forbade the recording of such an instrument without the approval of the proper officers of the City), was made "in trust for the public use"; and Salt Lake City thereby became (if it accepted the trust), a trustee for all persons constituting the public. Suit therefore against the trustee, as in the suit brought by Moran against Salt Lake City, could be maintained against the trustee and bind the *cestuis que trustent.*

Where the *cestuis que trustent* are so numerous, as in the Moran case, as to make it impracticable to make them all parties, they need not be made parties in order to bind them. Especially is this true where the beneficiaries are bound, as under the trust attempted to be laid on Salt Lake City, by what is done for or against them by the trustees. If the one rod strip were really dedicated as an alley, then under the powers granted to cities, through their City Councils, Salt Lake City could vacate the alley or otherwise deal with it, and the beneficiaries under the trust would be bound thereby. *(Campbell et al.* v. *Railroad Company et al.,* 4 Federal Cases 1178 (No. 2366); *Stevenson et al.* v. *Austin et al.,* 44 Mass.

474; *Kerrison* v. *Stewart*, 93 U. S. 155; *Winslow* v. *Minnesota & Pacific R. R. Co.*, 4 Minn. 230.)

CORFMAN, J.

This action was brought by the plaintiff to determine its rights to a strip of ground one rod wide and two rods long, situate in block 7, plat A, Salt Lake City survey.

Block 7 consists of eight city lots, numbered one to eight, both numbers inclusive. In the year 1889 John F. Heath was the owner in fee of certain portions of said block, and while such owner, on the 8th day of May of said year he and his wife, by deed duly executed and acknowledged, deeded to Salt Lake City, in trust for public use, certain streets and alleys through their property in said block, including the strip involved in this action. Said deed was recorded in the office of the county recorder of Salt Lake County. The strip in question was also marked upon the ground by fence lines on the east and west sides and closed by a fence to the south so as to make it a blind alley. Subsequently, without reference to the strip of land in question as an alley, or otherwise, Heath, by deed dated September 12, 1889, conveyed a part of his holdings in said block, nine by ten rods, described by metes and bounds, lying immediately west of said strip and abutting on Third West and Eighth South streets, to William J. Lemp, a predecessor in interest of the plaintiff. Afterwards, by deed dated June 26, 1909, Heath conveyed the strip of land in question, with other lands in said block, to William J. Barrette, a predecessor in interest of the defendant, and therefore the respective parties to this action, deraign their title to lands in said block, including the strip of lands involved herein, from one common source. To better illustrate the respective holdings of the parties in said block, with respect to said strip of ground, we have the following plat:

Appeal from Third District

It appears from the record that Salt Lake City, as a municipality, did not accept the trust sought to be imposed upon it under the deed made by Heath in 1889, designating the strip of ground in question as an alley, and, so far as known, the same was never used by the public, nor by the plaintiff, nor its predecessors in interest, as an alley, or otherwise. In 1911 P. J. Moran, the then owner of the strip, and the immediate grantor of the defendant, brought an action in the district court of Salt Lake County against Salt Lake City to quiet the title to said ground in himself, and in said action, after issue joined, and a hearing upon the merits, it was decreed that the plaintiff, P. J. Moran, was the owner in fee of said ground; that the defendant, Salt Lake City, had no estate, right, title, or interest in or to said strip or alley, either in its own behalf,

or as trustee for the public use, or otherwise, or at all; that all adverse claims of Salt Lake City in its own behalf, and in trust for the public, and all persons claiming, or to claim, through or under said city, as trustee or otherwise, were invalid and groundless. The plaintiff here was not made a party to said action.

The plaintiff herein brought its action and in its complaint alleged ownership for right of way purposes in the strip in question, as stated in its brief filed in this court, ''under the theory that, where an owner plats a certain tract of his property, records the plats, marks the streets and alleys upon the ground, and then sells to a purchaser who has knowledge of those facts, and who pays a higher price for the lot he buys than he otherwise would have paid if the property had not been platted, the purchaser obtains an easement for a private right of way over the streets and alleys abutting upon his lot and the fee to one-half of the same.'' The answer of the defendant denied ownership, or any right whatever, in the plaintiff, and by way of counterclaim alleged defendant's ownership in fee; that the claims of plaintiff are without right, etc., and prayed that its title be quieted as against the claims of the plaintiff. The trial court found the issues for the defendant. On appeal the plaintiff assigns numerous errors as having been committed by the trial court, and the defendant has made many cross-assignments.

There is very little conflict in the testimony, and the salient facts brought out at the trial were, substantially, as we have heretofore stated. The one controlling question sought to be litigated between the parties, and ultimately to be determined, however, is whether or not, as a matter of law, the plaintiff now has any interest in the strip of ground or alley in question under the practically admitted facts and circumstances surrounding the conveyance from John F. Heath in 1889 to William J. Lemp of the nine by ten rods now owned and occupied by the plaintiff as business property. To determine this question due consideration must be given to the principles of law involved, and then ascertain whether, under the facts

and circumstances as disclosed by the evidence, a valid dedication of the strip of land was made by the predecessor in interest of the parties to this action.

Dedication may be express or implied, but it is fundamental, always, that there must be an intention to dedicate—the animus dedicandi. The intention to dedicate is made manifest, in practically all cases, by the open acts and conduct of the owner of the land. Moreover, some form of. acceptance within a reasonable time must be manifest. These doctrines are best stated in the well-recognized authority of Elliott on Roads and Streets, as follows:

> "One of the principal things to be established by a party who claims a way by virtue of a dedication is, as we have seen, the intent to dedicate, the animus dedicandi. In all cases, as we have more than once said, the intention must be satisfactorily shown. It is not necessary, as is sometimes said, that the evidence upon this point should be conclusive; it is enough if the intention be proved by evidence of a satisfactory character. The intention to dedicate must be clear and unequivocal, and this the evidence must show, but the evidence need not be of a different probative force from that required in other cases involving the title to land, although it is frequently said that the evidence itself must be unequivocal and convincing. The character of the intention essential to create a dedication is one thing, that of the evidence required to establish it is another. No particular class of evidence is required, for the intention may sometimes be established by proving the express contract, or language of the donor, or it may be inferred from his conduct. The intention to dedicate it is to be gathered from the conduct of the owner of the soil considered in connection with the surrounding circumstances, rather than from what he subsequently testifies his intent was, though there are cases in which it is competent for him to testify as to his original intention. The question is, of course, as to the intention existing at the time the acts relied on as constituting a dedication were done, for the subsequent intention of the owner is not material." Section 173 (3d Ed.).

As to the necessity of acceptance, and that acceptance must usually be within a reasonable time, the same authority lays down the doctrine:

> "The general rule is that an acceptance must be made within a reasonable time after the dedication, and unless made within a reasonable time the owner may recall the dedication. What is a reasonable time

must depend on the circumstances of the particular case, and no general rule can be laid down which will apply in every case. Ordinarily, the question whether an act has or has not been within a reasonable time is a question of fact, and there is no reason why this general principle should not apply to dedications." Section 172 (3d Ed.).

There can be no question that the deed made in 1889 by John F. Heath to Salt Lake City "in trust for the public use" in legal effect (not having been accepted nor acted upon by the grantee or the public) constituted nothing more than an offer on the part of the grantor of the premises therein described, including the strip in question, for alleyway purposes for public use. It is conclusively shown by the record 2, 3, 4 that no formal acceptance, as required by the statutes, was ever made by Salt Lake City, and the record is equally conclusive that no public or private use was ever made, or attempted to be made, by any persons whomsoever, of the strip of ground now contended for by the plaintiff, until the attempt made by plaintiff immediately preceding the commencement of this action. It must therefore be conceded that when the plaintiff's predecessor in interest, William J. Lemp, subsequent to the deed made by Heath to Salt Lake City, took a conveyance of the nine by ten rods abutting on the strip in question he took it charged with notice that the offer thus made by his grantor, James F. Heath, to Salt Lake City, of the strip in question, was contingent upon acceptance, if not formally, at least by implication, on the part of Salt Lake City or the public to be devoted to the uses made manifest by the deed itself—that it was for public use. The plaintiff may not be heard to say, conceding for the purpose of discussion only, that if the recording of the Heath deed was notice of the grantor's intention to devote his land to the public for use as streets and alleys, that it was not notice that the same should within a reasonable time, be, in some form, accepted for such uses. Further, we think the plaintiff's predecessor William J. Lemp was charged with notice that unless the offer thus made by Heath to Salt Lake City was accepted within a reasonable time, Heath, or his grantees, would have the legal right to revoke the conveyance made to Salt Lake City, in trust, for

the public use. This Heath did by a conveyance of the strip in question to Barrette, a predecessor of the defendant, in 1909; and a further act of revocation, it cannot be gainsaid, was had and made effective by the suit instituted against Salt Lake City, as a trustee, in 1911, by P. J. Moran, the immediate grantor of the defendant, wherein it was decreed that the title of P. J. Moran was quieted as against all claims of Salt Lake City. But it is contended by the plaintiff that the strip of ground in question was marked upon the ground by a fence when William J. Lemp, the predecessor of plaintiff, purchased the ground abutting thereon, that a higher price was paid therefor than otherwise would have been paid and that thereby the defendant is estopped from denying the property rights claimed by plaintiff in the alley abutting on its premises. Plaintiff insists that this contention is sustained both in sound reason and on authority, citing and quoting at length in its brief from the following authorities: 14 Cyc. 1176; *Sowadzki* v. *Salt Lake County*, 36 Utah, 127, 104 Pac. 111; Elliott Roads and Streets (2d Ed.) 134 (note) 137; *Story* v. *Elevated Railway Co.*, 90 N. Y. 145, 146, 43 Am. Rep. 146; *Bissell* v. *N. Y. C.*, 23 N. Y. 61; *Prescott* v. *Edwards*, 117 Cal. 298, 49 Pac. 178, 59 Am. St. Rep. 186; *Schettler* v. *Lynch*, 23 Utah, 305, 64 Pac. 955.

After a careful review of the foregoing authorities we are convinced that the doctrines therein announced and contended for by plaintiff's counsel do not apply where the facts and circumstances are as disclosed by the record here. As heretofore pointed out the deed made by Heath to Lemp in 1889 conveys a parcel of land, the description of which was made by metes and bounds without any reference to lots, alleys, or streets, and without any reference to any map or plan. Further, the record before us does not disclose that in the negotiations leading up to and at the time of the bargaining, sale and conveyance of the premises from Heath to Lemp, any mention whatever was made of the alley in question, or that Lemp contemplated at any time the acquirement of any rights in the alley, or that he paid a higher price for the premises than he would otherwise have paid therefore, or

that he even had knowledge that Heath had tendered, by deed, the strip of ground to Salt Lake City, for the use of the public, and had the same recorded on the records of Salt Lake County; but assuming that he had such knowledge, then, as we have heretofore pointed out, he stood charged with notice that if the city, or the public, within a seasonable time, did not, in some form, accept the offer made by Heath of an alley intended for public use, that, thereafter, said offer would be revocable on the part of Heath.

The test quoted by plaintiff from 14 Cyc. 1176, states the general rule to be that:

"Where the owner of a tract of land lays it out in streets and lots delineated in a map or plan *and sells lots bounded by such streets which are referred to in deeds of conveyance as boundaries, the legal effect of the grants is to convey to the grantees the right of way over the streets respectively as laid out.*" (Italics ours.)

The foregoing text was quoted approvingly by this court in *Sowadzki* v. *Salt Lake County,* supra, but in that case the question presented here was not involved nor passed upon, and the court expressly refrained from expressing an opinion as to the rights of private parties upon an abandoned street dedicated for public use by the landowner and thereafter abandoned by the public.

In the text cited by plaintiff from Elliott on Roads and Streets, supra, the doctrine is announced that:

"Expressed dedication by plat or otherwise becomes an irrevocable grant *when third parties* have acted upon it."

And then again:

"If the owner *throws open* a way to the public and so conducts himself as to evidence a well-founded and reasonable belief that he has a correct knowledge of the facts, and that, having the knowledge, he intended to dedicate the way to a public use, he will be held to have made a dedication *in case it appears that others influenced by his conduct and acting in good faith and without negligence* have acquired rights in the belief that a dedication had been made, even though it should afterwards turn out that the owner acted under a mistake." (Italics ours.)

Quoting from *Story* v. *New York Elevated R. R. Co.*, supra, the court say:

"The official survey—its filing in a public office—*the conveyance by deed referring to that survey and containing a covenant for the construction of the street and its maintenance,* make as to him and the lot purchased a dedication of it to the use for which it was constructed. The value of the lot was enhanced thereby, and it is to be presumed that the grantee paid, and the grantor received an enlarged price by reason of this added value." (Italics ours.)

As to *Bissell* v. *N. Y. Cent. R. R. Co.*, supra: In that case the conveyance was made and the property described with reference to lot numbers, with the further addition to the description:

"*Reference being had to the allotment and survey made by Elisha Johnson.*" (Italics ours.)

In *Prescott* v. *Edwards,* supra, it was there held and commented upon:

"This land was platted upon the ground. The plat was as perfect and probably more satisfactory than though pictured upon paper. To be sure, the blocks were not numbered and the streets were not named, as would probably have been the fact if the plat had been transferred to paper. But we do not see that either numbers or names are essential. Again, by the deeds the lands were described by metes and bounds, and no reference is found therein to any street, *but at the time of sale the defendant pointed out these strips of land as streets,* and the land sold bordered on such strips." (Italics ours.)

Then again in that case the court expressly found, as facts, the following:

"Plaintiff's predecessors *would not have purchased these tracts if the representations had not been made by defendant that these strips of land were streets.* * * * *The owner declared to the purchasers that the parcels were streets, the purchasers acted upon such declaration, and as to such purchasers those parcels are streets.* (Italics ours.)

We think the case at bar is lacking in the many essentials we have italicized in quoting from the authorities cited by plaintiff.

At most the deed made by Heath in 1889 to Salt Lake City, without any compliance with statutory requirements, and without acceptance in any form on the part of the city, constituted nothing more than an offer on the part of Heath to dedicate the land therein described to the use of the general public for alleyway purposes. For over twenty years no acceptance on the part of the city, in any form, was made, no recognition was given of the offer made, either on the part of the public or any person whomsoever, to complete the dedication, and meanwhile the plaintiff as well as the defendant treated the strip now contended for by the plaintiff as the exclusive property of the defendant.

The intention of the defendant and its predecessors in interest not to incumber the strip in question by right of way for private use or ownership was made manifest by the acts and conduct of the defendant and its predecessors in interest in retaining exclusive private control and use of the strip, by maintaining it closed at the south end, and by exercising exclusive dominion over it, by conveying the adjoining land to the plaintiff by metes and bounds without reference to alleys, by the conveyance of the strip itself to the predecessor of the defendant as a part and parcel of other lands, and by suit against Salt Lake City, as trustee, to quiet its title. These acts, and the recognition of private ownership in the defendant by the plaintiff itself, as disclosed by the record, in our opinion, amply sustain the trial court in finding the issues as to ownership of the strip in favor of the defendant.

Since, for the reasons we have assigned, the judgment of the trial court must be affirmed, we do not deem it necessary or important to discuss or decide the other questions raised by the assignments of error made by either party. The vital issue to be determined between the parties being the ownership and right to the use of the land respectively claimed by them, and this issue having been rightfully determined by the trial court in favor of the defendant, the other questions involved on the appeal become immaterial.

It is therefore ordered that the judgment of the district court be affirmed. Respondent to recover costs.

FRICK, C. J., and McCARTY and THURMAN, JJ., concur: GIDEON, J., concurs in the result.