489 P.2d 106

**NORTH TEMPLE INVESTMENT CORPORATION et al., Plaintiffs and Respondents,**

v.

**SALT LAKE CITY CORPORATION, a body politic, and Salt Lake County, a body corporate and politic, Defendants and Appellants.**

No. 12247.

Supreme Court of Utah.

Sept. 27, 1971.

Jack L. Crellin, City Atty., O. Wallace Earl, Asst. City Atty., Salt Lake City, for appellants.

CALLISTER, Chief Justice.

Plaintiffs brought this action against Salt Lake City and Salt Lake County to quiet title to that parcel of property known as "Fritsch and Zulch's First Addition to Salt Lake City," to have said subdivision declared to be vacated and abandoned, and a decree that all of the streets, alleyways, and other portions of said subdivision designated for public use canceled and vacated. Summary judgment was entered in favor of plaintiffs and against both defendants. Only Salt Lake City appeals.

A plat of the subdivision was recorded with the Salt Lake County Recorder on December 18, 1889. The subdivision is entirely located within Salt Lake County with a portion of it being within the corporate limits of Salt Lake City. Since the recordation of the plat the subdivision has not been developed and none of the streets, alleyways or other portions designated for public use have been developed or used by the City or any other party.

**308**

■ At the time of the recordation Section 2068, C.L.U.1888, was in effect which provided:

> Roads, streets, alleys and bridges laid out and recorded by order of the county courts or municipal corporations within their respective jurisdictions, are public highways.

Although there were no other statutory provisions in existence at the time, relating to the subject matter, the City contends that, by virtue of the foregoing statute, the recordation of the plat constituted a dedication of the streets and alleys to public use. We cannot agree with this contention.

In 1890 the legislature enacted a more comprehensive statute (Laws 1890, p. 76, C. 50) dealing with dedication of property to public use.[1] Section 4 of the enactment provided as follows:

> Such maps and plats when made, acknowledged, filed and recorded with the county recorder shall be a dedication of all such avenues, streets, lanes, alleys, commons or other public places or blocks, and sufficient to vest the fee of such parcels of land as are therein expressed, named or intended for public uses for the inhabitants of such town and for the public for the uses therein named, or intended.

A comparison of the two statutes clearly indicates that the earlier enactment required the actual establishment and opening of the street to common or public use,[2] which would be the equivalent of an acceptance by public user. The subsequent enactment, by section 4, designated an additional means of dedication, whereby upon the making and filing of a plat, the title to the land vested immediately in the public for uses specified, and no acceptance was necessary. Implicit within the earlier statute was a requirement of an acceptance to have a valid dedication.[3]

■ An offer to dedicate must be accepted within a reasonable time.[4] In the instant case, the offer of dedication was made in 1889. Since the means of acceptance was to be manifested by public user

---

1. It was this act which concerned the court in Sowadzki v. Salt Lake County, 36 Utah 127, 104 P. 117 (1909), wherein the court stated that in view of the language contained in section 4, the dedication was complete without a formal acceptance by the public authorities.

2. See "laying out," 24A Words and Phrases, p. 215.

3. "Dedication is the setting apart of land for the public use. It is essential to every valid dedication that it should conclude the owner, and that, as against the public, it should be accepted by the proper authorities or by the general public user. * * *" 1 Elliott, Roads and Streets (4th Ed.) § 122, p. 140.

4. William J. Lemp Brewing Co. v. P. J. Moran, Inc., 51 Utah 178, 183, 169 P. 459 (1917).

as a highway, it would be logical to assume that the offer would be valid for a time no longer than the statutory period for the abandonment of a highway. Section 2070, 1 Comp.Laws Utah 1888, provided:

A road not worked or used for a period of five years ceases to be a highway.[5]

Under the statutory enactments then in effect, there was no valid dedication because there was no manifestation of acceptance of the offer to dedicate within a reasonable time. The judgment of the trial court is affirmed.

TUCKETT, HENRIOD, ELLETT, and CROCKETT, JJ., concur.

---

5. This statute was modified in 1898; see § 1116, Comp.Laws, 1907.