
William H. HENDERSON, Fred A. Smolka, Marilyn M. Smolka and Donna Smolka, Plaintiffs and Appellants,

v.

E.B. OSGUTHORPE, Defendant and Respondent,

Salt Lake County, Defendant, Cross-Claimant and Respondent.

No. 17856.

Supreme Court of Utah.

Nov. 16, 1982.

William H. Henderson, Ralph Marsh, Salt Lake City, for plaintiffs and appellants.

William T. Thurman, Ted L. Cannon, Jay Stone, Salt Lake City, for respondents.

HALL, Chief Justice:

Plaintiffs appeal a declaratory judgment of the district court which designates defendant Salt Lake County as the owner of a strip of real property known as Bear Lane. Bear Lane runs south from Emigration Canyon Road, covering an area 33′ in width and 611′ in length. In 1909, this area was dedicated as a Salt Lake County roadway through the filing and recordation of an approved subdivision plat.[1] However, the property has never been developed as a road and remains essentially in its natural state, covered by trees and shrubs.

Subsequent to the dedication of Bear Lane, plaintiffs acquired property adjacent to the strip and constructed homes closely bordering thereon. Plaintiffs have worked to preserve the appearance of the lane by removing, transplanting and adding certain

1. See note 2, *infra*, and accompanying text.

plants and by cultivating and watering them. Plaintiff Fred Smolka also built a small rabbit hutch on the lane property.

Defendant Osguthorpe owns property south of that of plaintiffs, which also borders on Bear Lane. From time to time, Osguthorpe has threatened to construct a road along Bear Lane in order to provide access to his property from the main roadway. In 1977, plaintiffs responded by bringing this action, requesting a declaratory judgment to the effect that they now own the Bear Lane property adjacent to their lots. Salt Lake County intervened in the action, cross-claiming against Osguthorpe for a declaration preventing him from using the lane as a road without its consent.

The trial court issued a judgment reaffirming Salt Lake County's ownership in the property and prohibiting Osguthorpe from "constructing a roadway on Bear Lane or destroying the existing terrain and vegetation on Bear Lane without receiving prior consent and approval from Salt Lake County."

■ On appeal, plaintiffs claim that Salt Lake County never completed the process of establishing ownership of Bear Lane because of its failure to develop and use the lane as a roadway. Plaintiffs' contention ignores the plain language of the Utah dedication statute in effect at the time when the Bear Lane plat was recorded:

> Such maps and plats, when made, acknowledged, filed, and recorded with the county recorder, *shall be a dedication* of all such avenues, streets, lanes, alleys, commons, or other public places or blocks, and *sufficient to vest the fee of such parcels* of land as are therein expressed, named or intended for public uses for the inhabitants of such town and for the pub-

lic for the uses therein named or intended.[2] [Emphasis added.]

Under the above statute, Salt Lake County acquired a complete fee interest in Bear Lane upon recordation of the subdivision plat.[3]

■ Plaintiffs contend that even if Salt Lake County did initially hold title to the Bear Lane property, it later vacated ownership of that property under the doctrine of abandonment. Plaintiffs base their abandonment theory on case law from other jurisdictions and on Utah cases interpreting an early statute of this state which provided:

> All highways once established must continue to be highways until abandoned by order of the board of county commissioners of the county in which they are situated, by operation of law, or by judgment of a court of competent jurisdiction; *provided, that a road not used or worked for a period of five years ceases to be a highway.*[4] [Emphasis added.]

In 1911, the legislature amended the above statute by deleting the five-year abandonment provision underlined above.[5] Thus, the legislature expressed its clear intention not to provide for automatic forfeiture of publicly owned roadways through nonuse alone.

The current statutory provisions for vacation of county roadways prescribe the following procedure:

> [Vacation, narrowing or change of name of county road—Petition by property owner] On petition by a person owning property within the county praying that a county road abutting such property be vacated . . . , *the board of county commissioners* of such county, upon hearing and upon being satisfied that there is good cause for such . . . vacation . . . , that it

**2.** Compiled Laws of Utah, ch. 6, § 2014 (1907).

**3.** *North Temple Investment Corp. v. Salt Lake City Corp.,* 26 Utah 2d 306, 489 P.2d 106 (1971); *Sowadzki v. Salt Lake County,* 36 Utah 127, 104 P. 111, 117 (1909).

**4.** Compiled Laws of Utah, ch. 142, § 1116 (1907).

**5.** Laws of Utah, ch. 142, § 1116 (1911).

will not be detrimental to the general interest, and that it should be made, *may declare by ordinance such county road vacated* .... [6] [Emphasis added.]

[Vacation, narrowing or change of name of county road—Action by commissioners without petition] When in the opinion of the board of county commissioners of the county there is good cause for vacating ... a county road, or any part thereof, and that [sic] such vacation ... will not be detrimental to the general interest, *it may, by ordinance,* and without petition therefor, *vacate ... such county road* or any part thereof.[7] [Emphasis added.]

[Vacation, narrowing or changing name of county road—Requirement for notice —Exception] Notice of the intention of the board of county commissioners to vacate any county road, or part thereof, shall in all cases be given ..., except when there is filed with the board of county commissioners written consent to such vacation by the owners of the property abutting the part of the county road proposed to be vacated, in which case such notice shall not be required.[8]

In the recent case of *Ercanbrack v. Judd,*[9] this Court confirmed the necessity of adherence by a county to the above procedural requirements in order for vacation of a county roadway to occur. In that case, the defendant, whose property bordered on a public road, placed a locked gate at one end of the road and the public had no access thereto for 11 years. Although the board of commissioners of Summit County voted to formally vacate the road, this Court held that the board had not met the statutory requirements for such vacation because it had failed to give prior notice of its action

as required by U.C.A., 1953, § 27–12–102.3, *supra.* The *Ercanbrack* case makes it clear that even where a substantial period of nonuse of a public roadway has elapsed, no vacation occurs unless the specific statutory requirements of U.C.A., 1953, §§ 27–12–102.1 to –102.4 are met.[10]

In the instant case, plaintiffs have neither alleged nor proven compliance with §§ 27–12–102.1 to –102.4 by the Salt Lake County Board of Commissioners. In the absence of an ordinance by that board formally vacating Bear Lane as required by the above statutes, the trial court properly declared Salt Lake County to be the owner of that property.

Plaintiffs finally allege that Salt Lake County is estopped from claiming present ownership of Bear Lane by virtue of its failure to object to plaintiff's landscaping and maintenance of the property. Plaintiffs did not raise the issue of estoppel in either their complaint or their trial brief. Under the well-established rule of this Court, plaintiff's failure to plead estoppel at trial precludes them from raising this issue on appeal.[11]

Affirmed. No costs awarded.

OAKS, HOWE and DURHAM, JJ., and ALLEN B. SORENSEN, District Judge, concur.

STEWART, J., having disqualified himself, does not participate herein.

---

6. U.C.A., 1953, § 27–12–102.1.

7. U.C.A., 1953, § 27–12–102.2.

8. U.C.A., 1953, § 27–12–102.3. See U.C.A., 1953, § 27–12–102.4.

9. Utah, 524 P.2d 595 (1974).

10. See also, *Mallory v. Taggart,* 24 Utah 2d 267, 470 P.2d 254 (1970); *Tooele City v. Elkington,*

100 Utah 485, 116 P.2d 406 (1941); *Adney v. State Road Commission of Utah,* 67 Utah 567, 248 P. 811 (1926).

11. *Christiansen v. Utah Transit Authority,* Utah, 649 P.2d 42 (1982); *Turtle Management, Inc. v. Haggis Management, Inc.,* Utah, 645 P.2d 667 (1982).