WESTERN KANE COUNTY SPECIAL SERVICE DISTRICT NO. 1, a body politic and corporate under the laws of the State of Utah, Plaintiff and Appellant,

v.

JACKSON CATTLE COMPANY, a Utah corporation, Defendant and Respondent.

No. 20108.

Supreme Court of Utah.

Oct. 29, 1987.

Hans Q. Chamberlain, Cedar City, for plaintiff and appellant.

Kay L. McIff, Richfield, for defendant and respondent.

DURHAM, Justice:

Plaintiff ("the County") sought a ruling that certain roads crossing Jackson Cattle Company's ("Jackson") property were public roads and therefore could be used for public purposes without condemnation proceedings. The trial court found that one of the roads had once been a public road, but that the County is now equitably estopped from asserting the existence of a public roadway; the court found that the other

roads never acquired the status of a public roadway. We affirm in part and reverse in part.

The County constructed two roads, one running north-south and the other running east-west along the edge of Jackson's property. The County was granted an order of immediate occupancy after paying 75 percent of the cost of the land into court. At trial, the County sought to establish that Jackson's property was encumbered by public roadways along the route where the County's roads had been built. Alternatively, the County sought to condemn the land used for the roadways. The trial court found that the north-south road had once been a public highway, although it was never more than ten feet wide, and that the east-west road never acquired the status of a public highway. The trial court then ruled that the County was estopped from claiming the north-south road as a public highway owing to the long period of disuse by the public. The County's appeal raises three issues: (1) did the trial court commit reversible error in applying the doctrine of equitable estoppel to the north-south road; (2) did the trial court commit reversible error in holding that the east-west road was never a public roadway; and (3) was it reversible error for the court to find that the width of the north-south road was never more than ten feet?

We begin with the second and third issues. Under Utah law, "[a] highway shall be deemed to have been dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years." Utah Code Ann. § 27–12–89 (1984). The trial court found that the north-south road was used by the public from 1919 until 1931, when the highway was relocated and public use of the north-south road stopped. The court further found that during the period of public use, the road was only ten

feet wide.[1] The court found that there was insufficient use of the east-west road by the public to raise its status to that of a public road. Under the principles of law just set forth, these findings of fact, if upheld, compel a holding that the north-south road was a public highway ten feet in width and that no public highway existed on the east-west road.

Rule 52(a) of the Utah Rules of Civil Procedure provides in part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58A; in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. *Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.*

(Emphasis added.) Under that standard, we do not set aside the trial court's factual findings unless they are against the clear weight of the evidence or we otherwise reach a definite and firm conviction that a mistake has been made. *State v. Walker*, 743 P.2d 191 (Utah 1987). No such conclusion is possible here; the trial court's findings are supported by substantial evidence. We therefore defer to those findings and affirm the trial court's rulings respecting the status of the north-south and east-west roads.

The next issue, whether the trial court committed reversible error in applying the doctrine of equitable estoppel to the north-south road, is an issue of law. While find-

---

1. The County argues that the statutory presumption contained in Revised Statutes of Utah § 25–1–1117 (1898) controls the width of the road because the road has existed since 1877, when the statute was in effect. In *Hunsaker v. State,* 29 Utah 2d 322, 509 P.2d 352, 354 (1973), this Court said regarding that statute: "Under

the provisions of this statute, it should be presumed that a public highway is of the prescribed statutory width unless the contrary is proven." Even assuming the statute should be applied, there is ample evidence in the record upon which the trial court could rely in finding that the statutory presumption was rebutted.

**1378**

ings of fact will not be set aside unless they are clearly erroneous, conclusions of law are simply reviewed for correctness without any special deference.

█ While there may be circumstances so extreme that we would be willing to uphold the application of equitable estoppel to prevent the assertion of rights in a public highway, we are unwilling to do so in this case. We are extremely reluctant to apply the doctrine of estoppel against the assertion of rights in a public highway by a government entity. *See, e.g., Halverson v. Village of Deerwood,* 322 N.W.2d 761, 767 (Minn.1982). This reluctance is in harmony with the expressed will of the legislature, which requires that a strict statutory procedure be followed for the vacation of a public road. Utah Code Ann. § 27–12–102.1 to –102.5 (1984); *see also Henderson v. Osguthorpe,* 657 P.2d 1268, 1270 (Utah 1982). Where, as here, the landowner has not substantially altered his position to his detriment in reliance on the asserted non-use of the roadway by the public, estoppel should not be available to circumvent the statutory process. Accordingly, the trial court's ruling in this regard is reversed.

█ As a result of our ruling today, the County must condemn the entire property taken for the east-west road, as well as the property for the north-south road minus the ten feet already encumbered by a public road. This case is remanded for further proceedings consistent with this opinion. Costs to respondent.

HALL, C.J., HOWE and ZIMMERMAN, JJ., and ORME, Court of Appeals Judge, concur.

STEWART, Associate C.J., does not participate herein; ORME, Court of Appeals Judge, sat.